IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGELO ANTHONY BARRETT, BA-8595,<br>    Petitioner,<br><br>    v.<br><br>MICHAEL WENEROWICZ, et al.,<br>    Respondents. | )<br>)<br>)<br>)  2:14-cv-1336<br>)<br>)<br>) |

## MEMORANDUM and ORDER

Mitchell, M.J.:

Angelo Anthony Barrett, an inmate at the State Correctional Institution at Huntingdon has presented a petition for a writ of habeas corpus.[1]

The chronology of events in this prosecution is set forth in the July 23, 2013 Memorandum of the Superior Court which is attached hereto:

> After being found guilty of first-degree murder, Barrett was sentenced to life in prison on July 19, 1989. This Court affirmed the judgment of sentence on February 26, 1990, and Barrett did not seek further review with the Supreme Court of Pennsylvania. **See Commonwealth v. Barrett,** 576 A.2d 1130 (Pa.Super.1990)(unpublished memorandum). Barrett subsequently filed his first Post Conviction Relief Act ("PCRA") Petition, which the PCRA court dismissed as untimely on August 10, 1999. This Court affirmed the dismissal on October 11, 2000. **See Commonwealth v. Barrett,** 761 A.2d 145 (PA.Super.2000).
>
> Barrett filed the instant habeas corpus Petition on October 17, 2012. This petition was treated as a PCRA Petition by the PCRA court, and on October 23, 2012, the PCRA court dismissed the Petition due to its untimeliness. Barrett filed a timely notice of appeal…
>
> In his Petition for writ of habeas corpus, Barrett claims that he was denied due process when he was arrested absent the issuance of an affidavit of probable cause… This claim falls squarely within the confines of the PCRA… Accordingly, the PCRA court properly considered the Petition as filed under the PCRA…

---

[1] The petition was originally filed in the Eastern District of Pennsylvania and transferred to this Court pursuant to 28 U.S.C. 2241(d) because Barrett's conviction occurred in Beaver County which is in the Western District of Pennsylvania.

1

Here, Barrett's judgment of sentence became final on March 28, 1990, thirty days after this Court affirmed his judgment of sentence and the time for filing a petition for allowance of appeal with the Supreme Court of Pennsylvania expired… Barrett had until March 29, 1991, to file this PCRA Petition, but he did not file the Instant Petition until October 17, 2012. Thus, Barrett's Petition is facially untimely under the PCRA. Further, Barrett has not explicitly pled or proven any of the exceptions to the PCRA's timeliness requirement… Accordingly, the instant PCRA Petition was properly dismissed as untimely.

In a similar manner, it is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

An untimely post-conviction petition is not "properly filed". Pace v. DiGulglielmo, 544 U.S. 408 (2005).

In the instant case, petitioner's conviction was affirmed on February 26, 1990, and review by the state's highest court is not sought. Thus, the conviction becomes final on March 28, 1990 when the time in which to seek such review expired. Gonzalez v. Thaler, 132 S.Ct. 641 (2012). The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The petitioner did not seek post-conviction relief until July 13, 1998 or over eight years after he could have done so. That petition was dismissed as untimely on August 10, 1999 and the denial of post-conviction

2

relief was affirmed by the Superior Court on October 11, 2000. Petition then filed a habeas corpus petition in state court on October 17, 2012. That petition was treated as a second post-conviction petition under state law and dismissed as untimely on October 23, 2012. The dismissal as untimely was affirmed by the Superior Court on July 23, 2012 and leave to appeal was denied by the Pennsylvania Supreme Court on February 26, 2014.[2]

The instant petition was executed on August 12, 2014 and filed in the Eastern District on August 19, 2014. In it, Barrett contends he is entitled to relief on the following grounds:

1. Petitioner's due process rights under the 6th & 14th Amendment of U.S. Constitution were violated by trial Court…

2. Petitioner is illegally detained and does not possess a Judgment Order (authorizing the sentence imposed)…

3. Sentencing was illegally imposed as trial Court violated statutory mandates by the General Assembly of Pennsylvania (due process violation)…

4. Challenge of the appellate court(s) erroneous dismissal of Petitioner's habeas corpus action, misconstruing it as a PCRA petition…

Because the petitioner's conviction became final on March 28, 1990 and he did not seek post-conviction relief until July 13, 1998, far in excess of the one year period in which to seek federal relief has expired, the petition here is time barred[3] unless the petition can demonstrate a basis to invoke equitable tolling of that time limitation. Day v. McDonough, 547 U.S. 198, 209-210 (2006); United States v. Bendolph, 409 F.3d 155, 168 (3d Cir.2005)(en banc).

An appropriate Order will be entered.

---

[2] See: Petition at p.74.
[3] The habeas corpus/PCRA petition was clearly not "properly filed" under state law.

ORDER

AND NOW, this 3rd day of October, 2014, for the reasons set forth in the foregoing Memorandum, IT IS ORDERED that on or before October 17, 2014, the petitioner show cause, if any, why the instant petition should not be dismissed as time barred.

s/ Robert C. Mitchell
United States Magistrate Judge