IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANGELO ANTHONY BARRETT, BA-8595, )
    Petitioner, )
     )
    v. ) 2:14-cv-1336
     )
MICHAEL WENEROWICZ, et al., )
    Respondents. )

REPORT and RECOMMENDATION

I. Recommendation:

It is respectfully recommended that the petition of Angelo Anthony Barrett for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II. Report:

Angelo Anthony Barrett, an inmate at the State Correctional Institution at Huntingdon has presented a petition for a writ of habeas corpus.[1]

The chronology of events in this prosecution is set forth in the July 23, 2013 Memorandum of the Superior Court which is attached to our October 3, 2014 Memorandum:

> After being found guilty of first-degree murder, Barrett was sentenced to life in prison on July 19, 1989. This Court affirmed the judgment of sentence on February 26, 1990, and Barrett did not seek further review with the Supreme Court of Pennsylvania. **See Commonwealth v. Barrett,** 576 A.2d 1130 (Pa.Super.1990)(unpublished memorandum). Barrett subsequently filed his first Post Conviction Relief Act ("PCRA") Petition, which the PCRA court dismissed as untimely on August 10, 1999. This Court affirmed the dismissal on October 11, 2000. **See Commonwealth v. Barrett,** 761 A.2d 145 (PA.Super.2000).
>
> Barrett filed the instant habeas corpus Petition on October 17, 2012. This petition was treated as a PCRA Petition by the PCRA court, and on October 23, 2012, the

---

[1] The petition was originally filed in the Eastern District of Pennsylvania and transferred to this Court pursuant to 28 U.S.C. 2241(d) because Barrett's conviction occurred in Beaver County which is in the Western District of Pennsylvania.

1

> PCRA court dismissed the Petition due to its untimeliness. Barrett filed a timely notice of appeal…
>
> In his Petition for writ of habeas corpus, Barrett claims that he was denied due process when he was arrested absent the issuance of an affidavit of probable cause… This claim falls squarely within the confines of the PCRA… Accordingly, the PCRA court properly considered the Petition as filed under the PCRA…
>
> Here, Barrett's judgment of sentence became final on March 28, 1990, thirty days after this Court affirmed his judgment of sentence and the time for filing a petition for allowance of appeal with the Supreme Court of Pennsylvania expired… Barrett had until March 29, 1991, to file this PCRA Petition, but he did not file the Instant Petition until October 17, 2012. Thus, Barrett's Petition is facially untimely under the PCRA. Further, Barrett has not explicitly pled or proven any of the exceptions to the PCRA's timeliness requirement… Accordingly, the instant PCRA Petition was properly dismissed as untimely.

(ECF 6, Ex.1).

> In a similar manner, it is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:
>
> (1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

An untimely post-conviction petition is not "properly filed". Pace v. DiGulglielmo, 544 U.S. 408 (2005).

In the instant case, petitioner's conviction was affirmed on February 26, 1990, and review by the state's highest court is not sought. Thus, the conviction becomes final on March 28, 1990 when the time in which to seek such review expired. Gonzalez v. Thaler, 132 S.Ct. 641 (2012). The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The petitioner did not seek post-conviction relief until July 13, 1998 or over eight years after he could have done so. That petition was dismissed as untimely on August 10, 1999 and the denial of post-conviction relief was affirmed by the Superior Court on October 11, 2000. Petitioner then filed a habeas corpus petition in state court on October 17, 2012. That petition was treated as a second post-conviction petition under state law and dismissed as untimely on October 23, 2012. The dismissal as untimely was affirmed by the Superior Court on July 23, 2012 and leave to appeal was denied by the Pennsylvania Supreme Court on February 26, 2014.[2]

The instant petition was executed on August 12, 2014 and filed in the Eastern District on August 19, 2014. In it, Barrett contends he is entitled to relief on the following grounds:

1. Petitioner's due process rights under the 6th & 14th Amendment of U.S. Constitution were violated by trial Court…

2. Petitioner is illegally detained and does not possess a Judgment Order (authorizing the sentence imposed)…

3. Sentencing was illegally imposed as trial Court violated statutory mandates by the General Assembly of Pennsylvania (due process violation)…

4. Challenge of the appellate court(s) erroneous dismissal of Petitioner's habeas corpus action, misconstruing it as a PCRA petition…

Because the petitioner's conviction became final on March 28, 1990 and he did not seek post-conviction relief until July 13, 1998, far in excess of the one year period in which to seek federal relief has expired and the petition here is time barred[3] unless the petitioner can demonstrate a basis to invoke equitable tolling of that time limitation. Day v. McDonough, 547 U.S. 198, 209-210 (2006); United States v. Bendolph, 409 F.3d 155, 168 (3d Cir.2005)(en banc). Accordingly, on October 3, 2014 we entered a Memorandum and Order (ECF 6) advising the petitioner that his petition was subject to dismissal as time barred. At the same time we granted

---

[2] See: Petition at p.74.
[3] The PCRA and subsequent "habeas petition" were clearly not "properly filed" under state law.

him until October 17, 2014 to show cause, if any, why it should not be dismissed. On October 20, 2014, Barrett moved for an extension of time in which to reply. That request was granted and the time in which he could reply was extended to November 17, 2014 (ECF 7). On November 18, 2014 a reply was received from the petitioner. However, nothing contained in that reply establishes a basis for equitable tolling of the statute but merely rehashes historical facts and claims.

Accordingly, it is recommended that the petition of Angelo Anthony Barrett (ECF 1) be dismissed as time barred, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date and mailing them to United States District Court, 700 Grant Street, Pittsburgh PA 15219-1957. Failure to file timely objections will waive the right to appeal.

Filed: November 19, 2014.                    Respectfully submitted,
                                              s/ Robert C. Mitchell
                                              United States Magistrate Judge